FILED
U.S. DISTRICT COURT
⬚⬚⬚⬚⬚⬚ DIV.
2011 MAY 19 PM 2: 52
CLERK_____ R Cur
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

PERRY SYKES, )
)
      Petitioner, )    CIVIL ACTION NO.: CV211-033
)
      v. )
)
ANTHONY HAYNES, Warden, )
)
      Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Perry Sykes ("Sykes"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Sykes filed a Traverse. For the reasons which follow, Sykes' petition should be **DENIED**.

## STATEMENT OF THE CASE

Sykes is serving a 46 month sentence for conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 2. He has a projected release date of November 11, 2011. (Doc. No. 7, p. 1).

Sykes was charged with making an unauthorized telephone call. After a hearing, Sykes was sanctioned with the loss of 27 days' good conduct time ("GCT") and the loss of six months' telephone privileges as a result of being found guilty of a Code 297 violation. Sykes contends that he was not afforded the opportunity to present evidence

on his behalf, nor did he have an unbiased or certified staff representative during his disciplinary proceeding.

Respondent asserts that Sykes was given all of the protections due to him during his disciplinary proceedings.

## DISCUSSION AND CITATION TO AUTHORITY

Sykes contends that he was not allowed to present favorable evidence during his hearing. Sykes also contends that he was denied the right to have an unbiased, certified staff representative or a certified Disciplinary Hearing Officer ("DHO").

Respondent asserts that all of the Wolff v. McDonnell, 418 U.S. 539 (1974), factors were met during Sykes' disciplinary proceedings. Respondent avers that Sykes was given proper notice of the hearing on April 12, 2010, and again on April 26, 2010, when the Code violation was changed, and Sykes was advised of his right to call witnesses at the hearing. Respondent also avers that Sykes did not call any witnesses in his defense during the hearing, even though he was given the right to do so. Respondent alleges that Sykes had the opportunity to present evidence in his defense during the hearing, yet there is nothing in the record which indicates that Sykes raised the issue of an audiotape or that the DHO refused to allow Sykes to introduce any evidence during the hearing.

## I.    Due Process Protections

Prisoners may not be deprived of statutory "good-time credits" without the minimum requirements of procedural due process. Wolff, 418 U.S. at 558. Constitutionally adequate process requires compliance with the minimum due process protections afforded to an inmate in prison disciplinary proceedings: (1) the right to

2

receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Id. at 563-66. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr'l Inst. v. Hill, 472 U.S. 445, 455 (1985). The determination as to whether this standard is satisfied requires an inquiry into "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. (emphasis added).

On April 7, 2010, Sykes was charged with violating Code 397, making a three-way call, and he received notice of a disciplinary hearing regarding this charge on April 12, 2010. (Doc. No. 7-1, p. 7). Sykes also received a notice of his rights at the disciplinary hearing, including the right to: have a written copy of the charges against him at least 24 hours before his hearing; have a full-time member of the staff to represent him during the hearing; call witnesses or present written statements and documentary evidence; and be advised of the DHO's decision in writing. (Id. at p. 8). Sykes was advised on April 26, 2010, that DHO Scott Schleder changed Sykes' charged violation from Code 397 to a Code 297, use of the telephone for abuses other than criminal. (Id. at p. 9). Though Sykes originally did not wish to have a staff member represent him during the hearing, Sykes later desired to have a staff representative. Counselor Daniels was assigned as Sykes' representative. (Id. at p. 7).

Sykes' disciplinary hearing was conducted on May 13, 2010, at which Sykes and Counselor Daniels appeared. Sykes did not have any persons requested as witnesses, nor did he present any documentary evidence. DHO Cami Aspinwall found Sykes committed a Code 297 violation. In so doing, DHO Aspinwall relied on the statement of the reporting officer, Officer Hughes, who stated that he monitored Sykes' telephone call on April 7, 2010. Officer Hughes also stated that a three-way call took place "when [Sykes'] son called another person named Chico on his cell phone and placed the cell phone on speaker so that all parties could hear each other." (Id. at p. 11). DHO Aspinwall also relied on Sykes' statements, which indicated that "an active exchange of information occurred between [Sykes], through a second person, to a third party." (Id.). DHO Aspinwall also considered Counselor Daniels' statements. DHO Aspinwall concluded that Sykes had circumvented the phone monitoring system and interfered with the staff's ability to monitor whether an inmate made a telephone call for prohibited purposes. DHO Aspinwall made her decision on May 17, 2010, and delivered a written copy of her findings to Sykes on May 18, 2010. (Id. at p. 12).

Sykes' disciplinary hearing was conducted on May 13, 2010, and he was notified of the charge against him on April 12, 2010, and again on April 26, 2010, when the alleged Code violation was changed. Thus, the first Wolff factor was met. The second Wolff factor was met on April 12, 2010, when Sykes was made aware of his right to call witnesses and present documentary evidence. Additionally, the third Wolff factor was met when Sykes received written notice of the DHO's decision on May 18, 2010. Finally, a review of the DHO's findings reveals that there is "some evidence" to support

the finding that Sykes committed the Code violation.[1]  Accordingly, Sykes received all of the due process protections afforded him during his disciplinary proceedings, and his contentions to the contrary are without merit.

## II.     Staff Representative

Equally without merit is Sykes' contention that he was to be given an unbiased, certified staff representative.  An inmate should be able to have "adequate substitute aid" from the staff if the inmate is illiterate or when "the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence necessary for an adequate comprehension of the case[.]"  Wolff, 418 U.S. at 570.  There is nothing before the Court which reveals that Sykes is illiterate, that the issue was so complex that Sykes could not adequately comprehend the case, or that Sykes' counselor was biased or otherwise unqualified to represent him.  Sykes was provided with a representative who appeared at the disciplinary hearing and spoke with Sykes prior to the hearing to determine that Sykes understood the charge filed against him.  There is no evidence that Counselor Daniels was biased or uncertified to represent Sykes during the disciplinary proceedings.  This portion of Sykes' petition should be denied.

## III.    Certified DHO

Finally, Sykes' contention that the DHO was not properly certified is without merit.  The Bureau of Prisons requires each of its institutions to "have an independent hearing officer (DHO) to conduct administrative fact-finding hearings covering alleged

---

[1]  The undersigned recognizes Sykes' assertion that there was an audiotape of his telephone conversation, which would have been helpful for staff to review "to see if the [reporting] officer was mistaken." (Doc. No. 1, p. 2). However, to entertain this assertion would put the Court in the position of weighing the evidence.  This is not the Court's role in determining whether due process protections were in place. Courts are to determine only whether there is "some evidence" to support a DHO's decision.  In addition, there is no evidence that there is actually an audiotape of this telephone call or that Sykes brought this alleged evidence to anyone's attention before or during the hearing. (See Doc. No. 7-1, p. 47).

AO 72A
(Rev. 8/82)

acts of misconduct and violations of prohibited acts[.]" 28 C.F.R. § 541.16(a). "If the institution's DHO is not able to conduct hearings," another DHO is to conduct the hearings. Id. The DHO "must be trained and certified as a DHO, and meet the other requirements for DHO."[2] Id. "In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, . . . or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b).

The only evidence before the Court as to this contention reveals that DHO Aspinwall is the alternate DHO at FCI Jesup and "is properly certified to serve as DHO and has met all requirements to retain her certification." (Doc. No. 7-1, p. 35). In addition, the evidence before the Court reveals that DHO Aspinwall was not the reporting (Hughes) or investigating (Schleder) officer, or a witness to the telephone call. She did not play any part in having the Code 297 charge referred. This portion of Sykes' petition is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Sykes' petition, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _19th_ day of May, 2011.


_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] There is no indication as to what one must do to be a trained and certified DHO.

AO 72A
(Rev. 8/82)